In the Matter of the Estate of MINNIE FOX HOPKINS GILBERT, Deceased.

Surrogate's Court, New York County, February 14, 1940.

*Conklin & Bentley [Edward S. Bentley* and *Robert W. Owens, Jr.,* of counsel], for the accountant.

*Wagner, Quillinan & Rifkind [Francis J. Quillinan* of counsel], for the objectant.

FOLEY, S. Upon the objections filed by the former infant to the account of the general guardian, the following dispositions are made:

(1) The objection to the payment of the sum of $12,500 for services in connection with the final accounting is sustained in part. The surrogate finds that the reasonable value of the services rendered by the attorneys for the general guardian is the sum of $5,000. Much, if not all, of the work involved in the preparation of the account was unnecessary. The guardian had filed his annual accounts pursuant to section 190 of the Surrogate's Court Act. The attorneys had been allowed reasonable compensation by orders made in prior years for their services in preparing these annual accounts. There remained to be set forth only the transactions from the last date of the last annual account as filed to the date when the infant attained majority, or to a date reasonably soon thereafter, when the assets should have been turned over to the former infant. As to the greater part of the period of the account,

therefore, there resulted unnecessary duplicating work consisting merely of copying the annual accounts and consolidating them into a final account. Much of this work was clerical and the time alleged to have been given to the very bulky and voluminous document was unjustified. It is plain that no serious professional work was involved. It would appear also that the initiation of an accounting proceeding was unnecessary.

In the very great number of cases in this court, a final accounting by a guardian never takes place. When the infant becomes of age, settlement is made by delivery and receipt and release. The annual accounts, as scrutinized and audited by the guardian accounting clerk of this court, are uniformly accurate. In the greater number of former infants' estates, therefore, the problem of the fixation of the guardian's commissions is relatively simple and the securities and cash are turned over without the expense of a final accounting proceeding. In the present case it is the belief of the surrogate that the informal procedure of turning over the assets could have been followed and the need for the formal accounting obviated. The dispute as to the amount of the attorneys' fees could have been determined by a simple application under section 231-a of the Surrogate's Court Act. The fixation of the guardian's commissions could likewise have been disposed of by a simple application and a prompt determination by the surrogate, since the only dispute involved was the valuation of certain contracts and agreements owned by the ward as a basis for the award of commissions. In prior instances in the family of the former infant, the fixation of the reasonable value of such contracts has been made with reasonable dispatch and has been accepted by both sides without appeal.

It is apparent, moreover, that some of the services claimed to have been rendered by the attorneys should actually have been rendered by the general guardian. In this particular the item of charge of the attorneys for arranging the transfer of securities to the former infant seems to be open to the criticism leveled at it by the objectant. The guardian received ample commissions for paying over and delivering the assets of the estate under section 285 of the Surrogate's Court Act. Since he was paid for that work under his statutory allowance of commissions, he should have borne the expenses incident to the turning over. The surrogate has, however, considered that some legal services might have been necessary and has included such reasonable charge in the above allowance of $5,000.

In the process of fixation I have also included consideration of the services of the attorneys in giving advice to the guardian concerning the Missouri tax and have overruled the contention of the

objectant that these services were the personal obligation of the guardian. Consideration has likewise been given in a reasonable degree to the services of the attorneys in the valuation of the estate assets and in the fixation of commissions. In my opinion these were proper charges incident to the winding up of the estate and were not required to be borne exclusively as a personal obligation by the guardian.

(2) The objection to the balance of fees for services in the contested accounting proceedings down to the decree of this court, dated September 25, 1934, is allowed. The surrogate holds that the sum of $2,650 represented the reasonable value of the services rendered by the attorneys for the guardian.

(3) The objection to the payment of the sum of $3,500 for services rendered since September 25, 1934, in the contested accounting proceeding, and particularly in connection with the litigation involving the National Surety Company and the recovery of amounts from it for the benefit of the former infant, is sustained in part. The surrogate finds that the reasonable value of these services is the sum of $2,000.

(4) In the fixation of these allowances, the surrogate has applied the test laid down in the leading case of *Matter of Potts* (213 App. Div. 59; affd., 241 N. Y. 593). To it also the surrogate has applied his experience over many years in the observation of the rate of charges made by the attorneys in this community in similar situations. Added to it has been his intimate observation of the services of the attorneys and their charges in the estate of the present former infant and in the estates of the same substantial nature of her brother and two sisters over a period of approximately ten years. Finally, he has been guided by the primary test of awarding compensation reasonable and adequate to the attorneys, with due regard to the prevention of unnecessary and burdensome expense upon the beneficiary of the estate.

(5) A surcharge against the guardian for the amount of excess payment above the reasonable allowances awarded above, is directed. In the alternative, if payment is not made by the general guardian, repayment of such excess amounts is directed to be made by his attorneys, pursuant to the concluding sentence of section 231-a of the Surrogate's Court Act.

Submit decree on notice settling the account accordingly.